IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLORIA L. JOHNSON-ESTER and )
MONTELL JOHNSON, )
                              )
                  Plaintiffs, )   Civil Action No.: 07 C 4190
                              )
v. )   Suzanne B. Conlon, Judge
                              )
DR. WILLARD ELYEA, DR. LAWRENCE )
NGU, KARY SHERIDAN, and NEDRA )
CHANDLER )
                              )
                  Defendants. )

## MEMORANDUM OPINION AND ORDER

Montell Johnson ("Johnson"), a civil detainee in the custody of the Dixon Correctional Facility, and Gloria L. Johnson-Ester ("Johnson-Ester"), Johnson's mother and health care agent (collectively, "plaintiffs"), bring this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs claim Dr. Willard Elyea, medical director of the Illinois Department of Corrections, Dr. Lawrence Ngu, medical director of the Dixon Correctional Center, Kary Sheridan, health care unit administrator, and Nedra Chandler, warden of Dixon Correctional Center (collectively, "defendants"), violated Johnson's constitutional rights by failing to render adequate medical care in violation of the Eighth and Fourteenth Amendments (Count I). Johnson-Ester also claims Nedra Chandler violated her First and Fourteenth Amendment rights by preventing her from contact and communication with Johnson (Count II). Defendants move to dismiss Count I of the complaint, and defendant Nedra Chandler moves to transfer the case to the Western Division if Count I is dismissed. For the reasons set forth below, both motions are denied.

## I. STANDARD OF REVIEW ON A MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) challenges the complaint on the basis of a failure to state a claim on which relief can be granted. In ruling on the motion, the court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences from those facts in plaintiffs' favor. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In doing so, plaintiffs need only provide enough "detail to give the defendants 'fair notice of what the ... claim is and the grounds upon which it rests,' "and, through their allegations show that it is plausible, rather than merely speculative, that they are entitled to relief. *EEOC v. Concentra Health Care Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1964 (further citations omitted)). Consequently, the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted).

## II. FACTS

The following facts are taken from the complaint, unless stated otherwise. Johnson, a detainee in state custody at the Dixon Correctional Facility, allegedly suffers from incurable multiple sclerosis and is in the advanced stages of dementia. Cmplt. ¶ 11. The illness has purportedly rendered him mentally incompetent and unable to file grievances on his own behalf. *Id.* ¶ 12. Johnson is currently in administrative segregation until 2010 for failing to cooperate, even though he is allegedly incompetent. *Id.* ¶ 20. In September 2006, Johnson appointed his mother, Johnson-Ester, as his attorney-in-fact for personal and health care purposes. *Id.* ¶ 12. In

this role, Johnson-Ester has broad authority to make decisions on Johnson's behalf regarding his personal care, medical treatment, hospitalization, and health care. *Id.* at Ex. A.

Since being appointed agent, Johnson-Ester alleges she has repeatedly complained to defendants that her son is not given adequate medical care. *Id.* ¶¶ 13-14. Because she has received minimal response, Johnson-Ester obtained an attorney for herself and Johnson. *Id.* ¶ 15. Their attorneys have written several letters to defendants requesting, among other things, Johnson's medical assessments. *Id.* at Exs. B-E. Nedra Chandler responded to one of these attorney letters, indicating that the letter was forwarded to Dr. Elyea and Dr. Ngu. *Id.* at Ex. C. Defendants have not otherwise responded to Johnson-Ester. Plaintiffs have also sought a separate professional opinion from Dr. Peter Orris, who has purportedly opined that Johnson's medical treatment is currently inadequate. *Id.* ¶ 16.

Johnson-Ester also alleges she was recently denied access to see Johnson and was told Johnson did not wish to see her. Id. ¶¶ 26-27. Johnson-Ester asserts this was a pretext, and she was denied access because she appeared the previous week with Jonathan Jackson, the son of Jesse Jackson, to visit Johnson. *Id.* Additionally, Johnson-Ester alleges she has had difficulty obtaining Johnson's medical records, and has been denied use of pen and paper during her visits with Johnson, thereby precluding communication with him altogether. *Id.* ¶ 29-30.

## III. ANALYSIS

Defendants argue Count I of the complaint should be dismissed because Johnson-Ester lacks standing, and plaintiffs have failed to exhaust administrative remedies as required under the Prisoner Litigation Reform Act.

### A. Standing

3

In Count I, Johnson and Johnson-Ester sue defendants for failure to provide adequate medical care to Johnson in violation of his Eighth and Fourteenth amendment rights. Defendants argue Johnson-Ester lacks standing to sue in a representative capacity because: (1) she has not pleaded that Johnson has been adjudicated as incompetent; (2) she has not pleaded that she has been declared the guardian of Johnson's estate or person; and (3) her durable health care power of attorney over Johnson does not authorize her to bring legal claims on Johnson's behalf.

Generally, a plaintiff cannot bring a suit on behalf of others who are capable of bringing the suit themselves or who have more appropriate representatives to protect their interests. *See, e.g., Daniels v. Southfort*, 6 F.3d 482, 484 (7th Cir. 1983) (plaintiff could not sue on behalf of his friends for alleged violations of their Fourth Amendment rights); *see also Hoyt v. St. Mary's Rehab. Ctr*, 711 F.2d 864, 865 (8th Cir. 1983) ("next friend and visitor" did not have standing to sue when disabled patient had closer family members to represent her interests and plaintiff was not a "proper proponent" of the patient's interests).

However, if a plaintiff seeks to bring a claim on behalf of another as a third party, she may do so if the plaintiff can demonstrate a stake in the outcome of the case. *See Singleton v. Wulff*, 428 U.S. 106, 112-118, 96 S.Ct. 2868 (1976). For third party standing, the plaintiff before the court must have suffered an injury claiming some stake as well; show a close relationship with the absent party; and prove there is a hardship preventing the absent party from bringing the case on his own behalf. *See Singleton*, 428 U.S. at 112-118 (upholding ability of physician to bring claim on behalf of patients regarding government interference in abortions); *see also Blazquez v. Bd. of Educ. of the City of Chi.*, No. 05-CV-4389, 2007 WL 2410369, at *9 (N.D. Ill. Aug. 20, 2007) (Coar, J.).

4

Under this standard, the complaint sets forth sufficient allegations to indicate that Johnson-Ester may sue on behalf of her disabled son, Johnson. The complaint alleges that Johnson is incompetent and that due to his disability, Johnson-Ester is a proper representative to protect Johnson's health care interests. Cmplt. ¶ 12. Indeed, Illinois law gives Johnson-Ester the right to seek medical care on Johnson's behalf through her power of attorney, thereby affording her an interest in this litigation. See ILCS 45/4-1 *et seq.* The core allegations pertinent to Count I indicate that Johnson-Ester, as Johnson's agent, tried repeatedly to obtain medical care on his behalf to no avail. Johnson-Ester's interest is therefore inextricably tied to the outcome of this case. Notably, defendants do not argue that Johnson-Ester lacks an interest in this case.

Instead, defendants argue Illinois law precludes Johnson-Ester from bringing claims on Johnson's behalf. First, they argue Johnson-Ester must plead that Johnson has been adjudicated as incompetent. Defendants cite to no law in support of their contention, and mistakenly indicate that the power of attorney form itself requires it. The provision defendants cite to states that "for purposes of this paragraph 5, a person shall be considered to be incompetent if and while the person is a minor or an adjudicated incompetent or disabled person or the person is unable to give prompt and intelligent consideration to health care matters, as certified by a licensed physician." 755 ILCS 45/4-10. However, paragraph 5 refers to situations in which *an agent* becomes incompetent, not when *a principal* does. Therefore, that provision is inapplicable here.

Second, defendants argue Johnson-Ester must plead she is a lawfully appointed guardian in order to have capacity to sue on Johnson's behalf. They cite *Wright v. Touhy*, No. 97 C. 742, 1998 WL 157073 (N.D. Ill. Mar. 31, 1998) (Williams, J.), which held that a lawfully appointed guardian of an estate has standing to bring suit on behalf of a ward. Significantly, *Wright* did not

hold that one *must* be a guardian to sue on behalf of a ward. Rather, the court found that because a lawfully appointed guardian has "a real interest in the action brought and its outcome," the guardian has standing to sue. *Id.* at *4. Under Illinois law, the test of standing is whether a party, "either in an individual or representative capacity, [the plaintiff has] a real interest in the action brought and its outcome." *Id.* (citation omitted). Here, Johnson-Ester's interest in the outcome of Count I is evident. The remedy sought – improved medical care for Johnson – mirrors the duties imposed on Johnson-Ester as health care agent. Her interests are therefore paramount to this litigation.

Third, defendants argue the Illinois statute governing health care powers of attorney does not contemplate an agent having authority to sue on behalf of the principal. *See, e.g.*, 755 ILCS 45/4 *et seq.* They argue that in contrast to the power of attorney over property, the Illinois statute does not expressly authorize health care agents to sue on behalf of a principal. However, although not directly pertinent here, the Illinois law governing the health care power of attorney provides that "any person who requires or prevents execution of a health care agency as a condition of insuring or providing any type of health care services to the patient shall be civilly liable and guilty of a Class A misdemeanor." 755 ILCS 45/4-9(c). The same statute states that the scope of health care powers are intended to be "as broad as the [] right of delegation for property." 755 ILCS 45/4-1. Although these provisions do not expressly grant a health care agent the right to sue on behalf of a principal, the statute does not preclude an agent from doing so. Therefore, the test of standing under a health care power of attorney is whether a party has a real interest in the action and its outcome. *Wright*, 1998 WL 157073, at *4 (citing *In re Estate of Wellman*, 174 Ill.2d 335, 344, 673 N.E. 2d 272, 276 (Ill. 1996)). Defendants do not dispute

6

Johnson-Ester possesses an interest in this case. Accordingly, they have failed to demonstrate that Johnson-Ester lacks standing as a matter of law.

**B. Exhaustion**

The Prisoner Litigation Reform Act provides that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Prisoners need not allege they have exhausted administrative remedies; rather, failure to exhaust is an affirmative defense. *Jones v. Bock*, --- U.S. ----, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). But "when the existence of a valid affirmative defense is so plain from the face of the complaint," the prisoner's complaint may be dismissed. *Walker*, 288 F.3d at 1010-11; *see Jones*, 127 S.Ct. at 920-21. Defendants contend that even if plaintiffs' complaint is liberally construed, exhaustion is not satisfied because insufficient time has elapsed since Johnson-Ester's first inquiry into Johnson's treatment, and plaintiffs have affirmatively pleaded non-exhaustion. Defendants cite *Collins v. Seaman*, No. 02 C 4493, 2003 WL 23144867, at *2 (N.D. Ill. Dec. 29, 2003) (Kocoras, J.), and *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). In *Collins*, the court dismissed a complaint without prejudice because there was no indication as to whether the deceased plaintiff exhausted administrative remedies. 2003 WL 23144867, at *2. *Collins* relied on the Seventh Circuit's opinion in *Massey*, which found that where a plaintiff alleges there are no administrative remedies or that administrative remedies are unavailing to begin with, his complaint may warrant dismissal because there is no "futility exception" to the Prisoner

7

Litigation Reform Act's exhaustion requirement. 221 F.3d at 1034. Significantly, the *Collins* court later denied a motion to dismiss on exhaustion grounds because the deceased plaintiff's representative amended her complaint to show she sought an investigation into her son's suicide but received word that no investigation procedures existed. *Collins*, No 02 C 4493, 2004 WL 406773, at *2 (N.D. Ill. Feb. 26, 2004) ("*Collins II*").

Defendants' argument that plaintiffs have pleaded non-exhaustion as in *Collins* is unpersuasive. Johnson-Ester avers that Johnson does not have the capacity to file grievances on his own behalf, and that she has repeatedly implored defendants to administer proper care for her son much like in *Collins II*. *See* 2004 WL 406773 at *2. In contrast to *Massey*, the complaint does not allege that administrative remedies would be futile, but rather that they have been unavailing despite repeated attempts to secure care for Johnson. Accepting these allegations as true, as the court must, Johnson-Ester adequately pleads that she did what she could to resolve her dispute through administrative channels, but has been denied any remedy. *See, e.g., Collins II*, 2004 WL 406773 at *2. The failure to exhaust is therefore not clearly established from the face of the complaint.

## IV. DEFENDANT CHANDLER'S MOTION TO TRANSFER

Because Count I shall not be dismissed, Nedra Chandler's motion to transfer Count II to the Western Division is moot.

## V. CONCLUSION

Defendants have not demonstrated that Johnson-Ester lacks standing or has failed to plead exhaustion under the Prisoner Litigation Reform Act as a matter of law. Accordingly, their motion to dismiss and Nedra Chandler's motion to transfer are denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

October 10, 2007